IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DORIS O'CONNOR, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. |
| | : 1:09-CV-126 (WLS) |
| SEARS, ROEBUCK AND CO., | : |
| LG ELECTRONICS USA, INC., | : |
| LG ELECTRONICS, INC., and | : |
| MIRAETECHWIN COMPANY, LIMITED, | : |
| Defendants. | : |

**SECOND AMENDED COMPLAINT FOR PERSONAL INJURIES**

COMES NOW, the plaintiff, DORIS O'CONNOR, and pursuant to the order of the Court dated June 21, 2010, (Doc. 48) files this her amended complaint changing the parties and style as referenced above and showing the Court the following:

1.

This Court has jurisdiction by virtue of 28 United States Code Section 1332, in that:

(a) Plaintiff is a citizen and resident of the State of Georgia and the defendants herein are non-resident corporations as indicated below;

(b) This action results from a claim which arose in the State of Georgia and within the Middle District as further outlined herein; and

(c) The amount in controversy, exclusive of interests and costs, is in excess of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00).

2.

(a) The defendant, Sears, Roebuck and Co. (hereinafter "Sears") is a corporation organized and existing under the laws of the State of New York. Said defendant has already been served with process and made an appearance through counsel in this case and will be served with a copy of this amendment by electronic

filing pursuant to the rules of the Court.

(b) The defendant, LG Electronics USA, Inc. (hereinafter "LG USA") is a corporation organized and existing under the laws of the State of New Jersey. Said defendant has already been served with process and made an appearance through counsel in this case and will be served with a copy of this amendment by electronic filing pursuant to the rules of the Court.

(c) The defendant, LG Electronics, Inc. (hereinafter "LG Korea") is a corporation organized and existing under the laws of the Country of Korea and may have service perfected upon it adding it as a party to this case by serving it through its agent at the following address: LG Electronics, Inc. C&S Division, Changwong 1st Factory 391-2 Gaeumjeong-Dong, Changwon City, Gyeongnam, South Korea according to discovery responses supplied by the defendant, LG Electronics, USA, Inc. Said defendant may be served by those means authorized by the Hague Convention on the service abroad of judicial and extra judicial documents pursuant to Federal Rules of Civil Procedure 4(f) should it fail or refuse to acknowledge service pursuant to Rule 4 of the Federal Rules of Civil Procedure pursuant to a request for the same forwarded to said defendant by counsel for the plaintiff.

(d) The defendant, Miraetechwin Company, Limited (hereinafter "Miraetechwin") is a corporation organized and existing under the laws of the Country of Korea and may have service perfected upon it adding it as a party to this case by serving it through its agent at the following address: Miraetechwin Co., Ltd., 143 B 8LT Gojandong Namdonggu Incheon City 7158-7 Korea according to discovery responses supplied by the defendant, LG Electronics, USA, Inc. Said defendant may be served by those means authorized by the Hague Convention on the service abroad of judicial and extra judicial documents pursuant to Federal Rules of Civil Procedure

4(f) should it fail or refuse to acknowledge service pursuant to Rule 4 of the Federal Rules of Civil Procedure pursuant to a request for the same forwarded to said defendant by counsel for the plaintiff.

3.

Jurisdiction and venue are proper in this Court since the plaintiff is a citizen and resident of the State of Georgia and this district and the defendants are non-resident corporations as indicated above. Further, the plaintiff shows:

(a) This action results from a claim which arose in Albany, Dougherty County, Georgia, as set forth herein.

(b) The defendants are subject to suit in this forum under the provisions of O.C.G.A. §9-10-90, et seq. (The Georgia "Long-Arm" Statute), and are otherwise subject to the jurisdiction of this Court.

(c) Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. §9-10-91, §9-10-92 and/or §9-10-93.

4.

In approximately April of 2006 one or more of the defendants designed and manufactured for the defendant Sears a Kenmore Refrigerator/Freezer, Model No.: 795.77573600, Serial No.: 604KR00562, which was purchased by the plaintiff and/or her husband, Raymond O'Connor, for their personal use. A copy of information originated by one or more of the defendants in the manufacturing process to identify the refrigerator/freezer is attached hereto as Exhibit "A".

5.

At some time prior to March 12, 2009, one or more of the defendants manufactured said refrigerator/freezer and placed it in the stream of international commerce reasonably anticipating its entry into the stream of commerce of the United

States of America and the State of Georgia, thereby anticipating the plaintiff's purchase of it and reasonably anticipating its sale in the State of Georgia.

6.

The design, manufacture and warnings distributed with this product were insufficient and defective and did not warn of its dangerous propensity for causing physical injury. On information and belief the plaintiff shows:

(a) The defendants, Sears and LG USA participated in the marketing and/or distribution of the item which they indicated was manufactured for one or more of them in Korea;

(b) The defendants manufactured the product at issue in Korea for shipment into the United States with the defendants, , LG Korea and Miraetechwin.

7.

In manufacturing, marketing and selling the refrigerator/freezer the defendants knew customers like the plaintiff would rely on the defendants to properly and safely manufacture and market the refrigerator/freezer for the personal safety of defendants' consumers and to prevent bodily injury to them. The plaintiff and her family did in fact rely on defendants' proper and safe manufacture and marketing of the refrigerator/freezer for her and their personal safety and protection in purchasing the same from the defendants.

8.

On or about March 12, 2009, the plaintiff herein was using the freezer drawer on the refrigerator/freezer for its intended purpose, to wit: she was pulling the freezer drawer handle to open the storage compartment to remove some food to prepare her family's dinner. When she pulled on the drawer handle to open the drawer the handle on the freezer suddenly came off without warning resulting in Mrs. O'Connor falling

backwards, striking her head she believes on the counter of her kitchen, and falling to the floor where she remained for a period of some time, unable to move. When she was finally able to make her way to a telephone by crawling on the floor and contacted her family, they arrived at her home and called an ambulance to transport her to the hospital.

9.

The malfunction and defect aforementioned demonstrate the refrigerator/freezer in question was not merchantable and reasonably suited to its intended use when designed, manufactured, placed in the stream of commerce, marketed and then sold by the defendants. The refrigerator/freezer was improperly designed, manufactured, and/or equipped with appropriate warnings by those persons designing, manufacturing, and selling said product.

10.

Since the date of her injury the plaintiff has undergone multiple surgeries for two breaks in her wrist, for several disc herniations in her back and/or neck and has had to have her wrist rebroken and reset. She also has undergone treatment for dislocated fingers on her hand and other personal injuries. These injuries and surgeries have:

(a)   Caused the plaintiff excruciating pain and intense suffering;

(b)   Caused her to fear for her life;

(c)   Required her to undergo general anesthesia for her reasonable and necessary care and treatment; and

(d)   Will likely result in permanent impairment to her for the remainder of her natural life.

11.

As a result of her injuries the plaintiff has been hospitalization and incurred extensive medical treatment in an amount estimated to exceed $100,000.00, the exact amount of the same to be added hereto by amendment and proved at trial. Plaintiff is incurring additional expenses for her medical care regularly and on an ongoing basis. Additionally, it is likely the plaintiff will occur additional medical expenses for the care and treatment of her injuries including the cost of treatment, therapy, medications, and surgeries for the remainder of her natural life.

12.

The product was manufactured and sold by one or more of the defendants herein individually, as joint venturers or under some arrangement the exact terms of which are unknown to the plaintiff at this time. This product was defectively manufactured, designed and/or assembled and lacked adequate warnings regarding its dangerous propensities.

13.

One or more of the defendants herein marketed and sold the refrigerator/freezer aforementioned as new personal property in the stream of commerce of the United States of America and should have reasonably expected the purchase and use of the refrigerator/freezer in the manner aforementioned, as indicated above. The defect aforementioned is a breach of the warranty of merchantability regarding the product.

14.

One or more of the defendants are strictly liable to the plaintiff for the injuries to the plaintiff caused by the defects in the products it sold and its defective and dangerous condition, including, but not limited to, the failure to adequately warn of the defects aforementioned.

15.

One or more of the defendants are liable for their negligence in manufacturing, inspecting, assembling and/or selling the refrigerator/freezer aforementioned, as well as its failure to timely warn the plaintiff of the defective nature of the refrigerator/freezer.

16.

(a) If the defendant Sears or any other defendant labeled the product in question as its own, which it apparently did, it would be a "manufacturer" within the meaning of §400 of the Restatement of Torts 2nd. See, English v. Crenshaw Supply Co., 193 Ga. App. 354; 387 S.E. 2d 628 (1989).

(b) If the defendant Sears or any other defendant labeled the product as its own and in doing so failed to disclose its true nature and character this would be a deceptive trade practice within the meaning of O.C.G.A. §10-1-392, et seq. (Georgia Fair Business Practices Act) giving rise to a cause of action for treble damages and possibly fraud or conspiracy.

WHEREFORE, the plaintiff prays that she have judgment against the defendants jointly or severally in the following amounts:

(a) All past and future medical expenses for the care and treatment of her injuries as may be proved upon the trial of this cause;

(b) General damages in an amount to be determined by the enlightened conscience of a fair and impartial jury;

(c) All costs of this action including costs of service on the defendants LG Electronics, Inc. and Miraetechwin Company, Limited should they refuse to acknowledge service; and

    (d)    Such other and further relief as the Court deems necessary.

This 30th day of June, 2010.

                                          VANSANT & CORRIERE, LLC.
                                          Attorney for Plaintiff

                            BY:    s/ Alfred N. Corriere
                                          ALFRED N. CORRIERE
                                          State Bar No. 188650

Post Office Box 347
Albany, Georgia 31702-0347
(229) 883-6800



Exhibit "A"